THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOVINO MERCADO ROSADO, Defendant and Appellant.

No. 10201. Argued December 2, 1943.—Decided December 6, 1943.

J. M. Valentín Esteves for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Jovino Mercado Rosado was charged with a violation of

§10 (*a*) of the Motor Vehicles Act of 1942 (No. 55, Laws of 1942, p. 526) in that while he was driving a truck "he failed to exercise due care or to take reasonable precautions to protect life and property, because owing to his failure to measure the width, traffic, and use of the road he "carried off" (*arrolló*) Enrique Lamela Luyando, of Isabela, wounding him in the forehead and fracturing his left leg . . . " The District Court of Aguadilla, in a trial *de novo,* convicted him and sentenced him to pay a $25 fine or to imprisonment in default thereof. It is alleged by the appellant in the present appeal that the lower court erred in weighing the evidence, inasmuch as the charges of the complaint were not sustained thereby.

The evidence introduced by The People showed that while Enrique Lamela was traveling along his right side of the road leading from Isabela to Aguadilla a truck driven by the appellant at an excessive speed passed close by him and dealt him a blow with an iron chain hanging loose from the rear of the truck and lashing out as the truck moved; that the chain was used for fastening the tailboard of the truck; that the appellant failed to sound the klaxon or horn, and that on the chain striking one of his legs Lamela fell unconscious and, on his being taken to the hospital, it was found out that he had sustained the fracture of one of his legs.

The evidence for the defendant controverted all the facts as charged. It tended to show that when passing by the place of the accident Lamela was lying down in the ditch and that the driver stopped the truck, picked him up and took him to the hospital. He denied that the chain was hanging loose and that the truck was traveling at an excessive speed without giving any warning.

The court did not believe the evidence of the appellant, but did believe that for the prosecution, and we fail to find anything in the record to justify our interference with the

way in which it settled the conflict. However, the appellant maintains that there was no evidence to show that Lamela was "carried off" (*arrollado*) by the truck, as alleged in the complaint. He claims that the injured party was not hit by any part of the truck properly speaking and that therefore the fact charged was not proved.

Although in the popular and ordinary meaning to "carry off" (*arrollar*) a person may mean to run over him and injure him with a vehicle, we hold that a person is likewise "carried off" with a chain which forms part of the vehicle and which because the same is carried hanging loose and lashing out from side to side causes injury. Still more, a pedestrian who successfully avoids danger from a vehicle by standing to the right of the road can not similarly avoid the danger from a chain that is carried hanging loose and lashing out as the vehicle moves. The evidence, which was believed by the court, showed that Lamela was "carried off" by the chain of the truck. To claim, as does the appellant, that the only way in which a person can be "carried off" by a motor vehicle is when the vehicle itself inflicts the injury would be making a very subtle and technical distinction.

The judgment appealed from must be affirmed.